PEDRO RIVERA MASSANET, Plaintiff and Appellant, v. PETRA CRUZ GONZÁLEZ, Defendant and Appellee.

No. 9464.   Argued November 3, 1947.—Decided November 24, 1947.

R. García Mújica for appellant.   Emilio de Aldrey, guardian ad litem of appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

In 1945 a husband sued his wife for a divorce on the ground of separation for an uninterrupted period of more than three years.   Act No. 62, Laws of Puerto Rico, 1942 (p. 582), amending § 96 of the Civil Code of Puerto Rico. At the trial in 1946 the testimony of the plaintiff showed that the spouses separated in January, 1942, while the wife was still sane; that in March, 1942, the wife became insane and was placed in the Insular Insane Asylum, where she has remained since that date.

The lower court assumed that the wife was sane in January, 1942 when the couple separated.   Nevertheless, it.held that the period of separation contemplated by § 96 was interrupted while the wife was confined in an insane asylum. Accordingly, the district court entered a judgment dismissing the complaint, from which the plaintiff appealed.

Almost all the cases interpreting statutes similar to ours are in accord with the ruling of the lower court.   The theory of those cases is that a wife confined in an insane asylum is not living apart from her husband because of the conscious act of either of the parties, but only because of an

724

act of law resulting from her mental condition. Annotations, 166 A.L.R. 498, 509–10; 111 A.L.R. 867, 872–73; 51 A.L.R. 763, 769–70.

There is an additional reason why we reach this result. In 1933 our Legislature for the first time made separation for seven years a ninth ground for divorce. Act No. 46, Laws of Puerto Rico, 1932–1933 (p. 304). In 1938 it added incurable insanity, supervening after marriage, for more than 7 years as a tenth ground for divorce. Act No. 78, Laws of Puerto Rico, 1938 (p. 198.) By Act No. 62 of 1942 the period of separation of the ninth ground for divorce was reduced from seven to three years; but the tenth ground of insanity remained in the statute.

■ In view of this legislative history, we agree with the following comment of the district court: "We cannot impute to our Legislature a purpose to do a futile act. If it had believed that the period of time that a person is insane ought to be computed as part of the three years required for the ground of separation, then both in 1938 and 1942 it did something wholly useless. Why require as a tenth ground incurable insanity for seven years if the period during which a person is insane may be taken into consideration for purposes of the ninth ground of separation? In our judgment the question is clear. The Legislature thought they were completely different and independent grounds and the period of one could not be computed as part of the period required for the other."

The facts of *Núñez* v. *López,* 62 P.R.R. 543, and *Simonet* v. *Sandoval,* 63 P.R.R. 503, were different and the language used therein therefore has no application to this case.

The judgment of the district court will be affirmed.

Mr. Justice Marrero did not participate herein.